No. 41943.—Protest 979014–G of Jarrell-Ash Co. (Boston).

SULLIVAN, Judge: The subject of this protest is specified in the invoice as "Judd Lewis Comparator." The examiner's red-ink notation on the invoice indicates it was returned as dutiable under paragraph 228 (a) of the Tariff Act of 1930 at 60 percent ad valorem as an optical *testing* instrument. The appraiser's report, which, having been filed within the legal time, is part of the record, states "we believe it is properly classified as an optical *measuring* instrument" at the same rate under the same paragraph.

Paragraph 228 (a), after specifying *eo nomine* various instruments, provides for "optical measuring or optical testing instruments." The collector's letter does not indicate which of these classifications he adopted.

The plaintiff corporation in its protest evidently considered the classification to be as an optical *measuring* instrument, for it states therein—

The Judd-Lewis comparator as supplied in this instance cannot be used for measurements of any kind. Its purpose is simply for comparing and identifying lines on two spectrum plates, and in our opinion it should be classified under paragraph 360.

The rate is not stated, but apparently the provision of paragraph 360 under which plaintiff claims is the following:

Scientific and laboratory instruments, * * * and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for, 40 per centum ad valorem * * *

At the trial in Boston the plaintiff corporation was represented by its president, Mr. J. J. Jarrell, who testified in his own behalf that this merchandise was classified under paragraph 228 (a) as an optical measuring instrument, and that he claims they are not optical measuring instruments, but "Laboratory instruments under paragraph 360." He further testified as follows:

As we understand it, it was first passed under paragraph 360, and thereafter it was reclassified, and we understand that T. D. 47735 was used as a basis for the later classification. Now, the instrument referred to in T. D. 47735 is entirely different from the one here. This instrument cannot be used for measuring purposes at all. * * * The instrument referred to in this T. D. is a very elaborate instrument, designed especially for very precise measurements. * * * The purpose of this instrument is to compare spectographic plates. The operator of this instrument here has a plate and he puts these two plates on a platform and matches up the lines and all he does there is move these plates along until they coincide. It is simply a matter of comparison.

A photograph of the instrument was received in evidence. It is marked "Exhibit 1," etc.

There is a printed description of the instrument and its purpose below the photograph. It confirms the witness' statement as to its purpose. There is not a word therein to indicate it is used for either optical measuring or testing.

The Government did not rebut the testimony of Mr. Jarrell. It is therefore *prima facie* evidence of the erroneousness of the classification of the collector.

The classification of the collector being erroneous we must now consider whethre it is such a scientific or laboratory instrument as is covered by paragraph 360. To be classifiable under this paragraph an instrument must be (1) if a scientific instrument, used in pure rather than applied science, and if a laboratory instrument there must be proof of use in laboratories (see *Arthur H. Thomas Co.* v. *United States*, T. D. 49102, 72 Treas. Dec. 203), and (2) there must be proof that they are "wholly or in chief value of metal, and not plated with gold, silver, or platinum."

As to the first requisite, plaintiff has not proved its use either in pure science, or as a laboratory instrument. As to the second requisite, an inspection of Exhibit 1 indicates that there is both glass and metal therein. We cannot hold it is wholly or in chief value of metal, not plated, etc., from a mere inspection of Exhibit 1.

We must therefore overrule the protest without affirming the collector's classification, which, upon this record, appears to be erroneous. Judgment for defendant.

BROWN, Judge: I respectfully dissent.